**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

05 - 21757

CIVIL ACTION NO: **CIV-MOORE**

MAGISTRATE JUDGE
GARBER

U.S. EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
)
v. )
) **COMPLAINT**
R.F. RESTAURANTS, INC. d/b/a )
DENNY'S RESTAURANT, )
)
) **JURY TRIAL DEMANDED**
Defendant. ) **INJUNCTIVE RELIEF SOUGHT**
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Neal Crumity and any similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Mr. Crumity was subjected to sexual harassment by a management official of Defendant's corporation. The Commission further alleges that Defendant subsequently retaliated against Mr. Crumity for complaining of the unlawful sexual harassment by terminating his employment with Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

*1*

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Untied States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, R.F. Restaurants, Inc. d/b/a Denny's Restaurant, a Florida corporation, has continuously been doing business in the State of Florida and the City of Miami, and has continuously had at least 15 employees.

5. At all relevant times R.F. Restaurants, Inc. d/b/a Denny's Restaurant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Neal Crumity filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2003, Defendant Employer engaged in unlawful employment practices at its Hialeah Gardens, Florida location in violation of Section 703(a) and Section 704(a)

of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a).

    a.    Neal Crumity, was subjected to sexual harassment by Assistant Manager, Judy Peiretti in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating hostile and offensive work environment. Defendant failed to take remedial action when it knew or should have known of the sexual harassment

    b.    Defendant retaliated against Neal Crumity when it terminated his employment because he complained of the unlawful sexual harassment.

    c.    Other similarly situated male employees of the Defendant were subjected to sexual harassment by Assistant Manager Judy Peiretti in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. Defendant failed to take prompt corrective action when it knew or should have known of the sexual harassment.

8.    The effect of the conduct complained of in paragraph 7 above has been to deprive Mr. Crumity and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and/or in retaliation for his opposition to unlawful employment practices.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done

with malice or with reckless indifference to the federally protected rights of Mr. Crumity and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment or any other employment practice which discriminates on the basis of sex and/or opposition to an unlawful employment practice.

B.  Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past unlawful employment practices.

C.  Order Defendant to make whole Neal Crumity and other similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.  Order Defendant to make whole Neal Crumity and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses in amounts to be determined at trial.

E.  Order Defendant to make whole Neal Crumity and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful

practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant to pay Neal Crumity and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully Submitted,

          ERIC S. DRIEBAND
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          DELNER FRANKLIN-THOMAS
          Regional Attorney

          MICHAEL J. FARRELL
          Supervisory Trial Attorney

          _/s/ Jennifer N. Brown_
          Jennifer N. Brown
          Trial Attorney
          Florida Bar. No. 532231
          EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
MIAMI DISTRICT OFFICE
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2700
Miami, Florida 33131
Phone: (305) 530-6012
Fax: (305) 536-4494

JS 44 (Rev. 11/04)               CIVIL COVER SHEET  05-21757

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States Equal Employment Opportunity Commission | R.F. Restaurants, Inc., d/b/a Denny's Restaurants, Inc. CIV-MOORE MAGISTRATE JUDGE GARBER |
| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant Miami-Dade (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Jennifer N. Brown, Tel#:(305)530-6008 EEOC, One Biscayne Tower, Suite 2700 Two South Biscayne Boulevard Miami, FL 33131 | Attorneys (If Known) |

(d) Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**: (Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Neal Chumity and similarly situated individuals who were adversely affected by such practices.
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/30/05   SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____