UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21757-CIV-MOORE/GARBER

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

R.F. RESTAURANTS, INC., dba
DENNY'S RESTAURANTS,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant's Motion in Limine [D.E. 33] and Motion to Strike Exhibits 1 and 2 of Baurer's Affidavit [D.E. 36]. On October 13, 2006, the Court held a hearing regarding these motions.

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Neal Crumity and any similarly situated individuals who were adversely affected by Defendant's practices. The issues presented in Defendant's motions are: (1) whether handwritten notes created by Equal Employment Opportunity Commission ("EEOC") investigator Deborah Bauer are admissible evidence supporting Plaintiff's response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"); and (2) whether an unemployment compensation claim form is admissible evidence supporting Plaintiff's Response. The Court considers each issue in turn.

**A.     Deborah Bauer's Handwritten Notes**

The Court turns to Defendant's motion to strike the exhibits to the affidavit of Deborah Bauer. These exhibits are referred to as "witness statements," but are in fact Bauer's handwritten notes based on her conversations with two witnesses. Defendant argues that the notes are not witness statements and should not be considered as such.

A statement that is inadmissible hearsay may be considered at the summary judgment stage if it is capable of being later submitted at trial in admissible form. *See Macuba v. Deboer*, 193 F.3d 1316, 1322-24 (11th Cir. 1999). Plaintiff argues that the handwritten notes would be admissible at trial under the hearsay exceptions of Rules 803(6) and (8) of the Federal Rules of Evidence, and because the notes impeach the assertions contained in an affidavit, an unsworn witness statement, and the deposition testimony relied upon by Defendant in its Motion for Summary Judgment.

The handwritten notes are filed as exhibits to the affidavit of Investigator Bauer, to support Bauer's recitation of what the witnesses told her during her investigation of Neil Crumity's charge of discrimination against his employer, Denny's Restaurant. The Court finds that the handwritten notes could be used as impeachment evidence at trial. For example, Investigator Bauer could be called to rebut the testimony of the witnesses if their testimony is inconsistent with the facts they allegedly relayed to Investigator Bauer during her interviews. The Court notes, however, that Defendant is correct in his assertion that the handwritten notes are not signed by the witnesses and do not constitute the sworn testimony of the witnesses. Instead, they are simply the contemporaneous handwritten notes of Investigator Deborah Bauer, based on her discussions with the witnesses, and may be considered by the Court as such.

**B.     Claim Form**

In response to Defendant's Motion for Summary Judgment, Plaintiff filed a "Determination Notice of Unemployment Compensation Claim Filed." Defendant argues that the Court should not consider documents from the unemployment compensation claim case filed by Neal Crumity after being terminated by Defendant. Specifically, Defendant argues that "[a]ny finding of fact or law, judgment, conclusion, or final order made by a hearing officer, the commission, or any person with the authority to make findings of fact or law in any unemployment compensation proceeding under this chapter is not conclusive or binding in any separate or subsequent action or proceeding...."

The Claim Form does not contain any conclusion or finding of fact or law. Plaintiff offers the Claim Form to substantiate that there are questions of fact and credibility assessments that should be reached by the jury in this case. According to Plaintiff, Defendant's handwritten statement on the Claim Form that Mr. Crumity "was terminated because he was not able to perform his work duties, due to previous bilateral knee surgery," is significant because it conflicts with prior and subsequent reasons given by Defendant for Mr. Crumity's termination.

The Court finds that there is no basis to strike the Claim Form and same may be considered for purposes of summary judgment.

Based upon the foregoing, it is

ORDERED that Defendant's Motion in Limine [D.E. 33] and Motion to Strike Exhibits 1 and 2 of Baurer's Affidavit [D.E. 36] are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 16th day of November, 2006.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge K. Michael Moore
Counsel of record