IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-21757-CIV-MOORE/GARBER

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

vs.

R.F. RESTAURANTS, INC., d/b/a DENNY'S
RESTAURANT,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Final Summary Judgment (DE # 21).

UPON CONSIDERATION of the record and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

The United States Equal Employment Opportunity Commission (the "EEOC," or "Plaintiff") filed this complaint against R.F. Restaurants, Inc. d/b/a Denny's Restaurant ( the "Restaurant," or "Defendant") alleging "unlawful employment practices on the basis of sex and retaliation" at the Restaurant. Compl. at 1. The Restaurant runs a Denny's franchise restaurant. Def. Mot. at 3-4. The EEOC filed the Complaint as a result of a charge filed by Neal Crumity, a former employee of the Restaurant. Compl. at 2.

Crumity worked for the Restaurant starting in 2000, left, and subsequently returned in 2003. Def. Mot. at 5. Plaintiff alleges Judy Pieretti created a hostile work environment for Crumity by sexually harassing him, including "patting him on the buttocks, brushing her hands up

against his groin[,] kiss[ing him] on the lips against his will," and inquiring about his genitals and sexual practices, among other things. Pl. Resp. at 3-4. Pieretti was the Assistant Manager while Crumity worked at the Restaurant. Pl. Stmt. of Material Facts at § 10.

It is disputed whether Crumity was aware of any of the Restaurant's policies or procedures for reporting sexual harassment, and whether he made a report to Jilma Agapay, the Human Resources and Training Manager. In August, 2004, Crumity took an unpaid leave. It is disputed whether the leave was authorized. When he returned, his employment had been terminated. Subsequently, Crumity filed a charge with the EEOC, claiming the Restaurant had violated Title VII of the Civil Rights act of 1964. Compl. at 1-2. The EEOC then filed this Complaint.

Defendant moves for summary judgment, claiming (a) Plaintiff has not brought evidence to substantiate the claim, (b) the Restaurant is not liable because Crumity failed to use the Restaurant's established sexual harassment policy and report the harassment, and (c) Crumity's damages are limited. See generally, Def. Mot.

## II.   Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under

a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. Discussion

#### A) Elements of the Hostile Work Environment Cause of Action

For this Hostile Work Environment claim to survive summary judgment, Plaintiff must bring evidence to show (1) the harassed employee is a member of a protected group, (2) the employee was subjected to "unwelcome sexual harassment," (3) inflicted on him because of his gender, (4) the harassment is pervasive enough to "alter the . . . conditions of employment," (5) and the Restaurant "knew or should have known of the harassment and failed to take remedial action." Breda v. Wolf Camera & Video, 222 F.3d 866, 889 (11th Cir. 2000); Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir. 1982).

#### (1) Member of a Protected Group

Defendant admits Crumity is a member of a protected group. Def. Mot. at 12.

#### (2) Proof of "Unwelcome Sexual Harassment"

Defendant admits Crumity testified in his deposition that Pieretti's words and actions were unwelcome. Def. Mot. at 12.

#### (3) Inflicted Because of the Employee's Gender

Defendant argues that Judy Pieretti was universally "rude, crude, and mean," to all the employees, and that therefore Crumity was not singled out for treatment based on his gender. Def. Mot. at 12. Plaintiff claims that the nature of Pieretti's intercourse with Crumity was specific to his gender, that Pieretti only touched him inappropriately because he is male. Pl. Resp. at 5. Regardless that employees of both genders may have been exposed on Pieretti's meanness and rude behavior, "the critical issue . . . is whether members of one sex are exposed to

3

disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998). If, as Plaintiff suggests, Pieretti did not engage in this behavior with the female employees of the Restaurant, a reasonable jury could find Crumity was subject to a special kind of offensive conduct because of his gender, above and beyond what Pieretti inflicted on female employees.

### (4) The Harassment Altered the Conditions of Crumity's Employment

Defendant argues that since Crumity did not seek counseling or medical treatment, and his job performance was not affected, summary judgment is appropriate. Def. Mot. at 13. Defendant also suggests that the lack of corroborating testimony supports the conclusion that any harassment was not pervasive. Id. The Supreme Court has held that

> whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). Interference with Crumity's work performance is only one of the totality of circumstances which must be evaluated to determine if the work environment was one that "a reasonable person would find hostile or abusive." Id. at 21. Of course, Crumity must also have subjectively perceived the work environment to have been abusive. See id. at 21-22.

### (5) Employer Liability

The Restaurant will be held liable for Peretti's harassing actions if it "knew or should have known about the conduct and failed to stop it." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 759 (1998). Plaintiff claims Crumity complained to the Human Resources Manager, Ms. Jilma Agapay. Pl. Resp. at 7. Defendant disputes Agapay was ever told about the harassment. Def. Reply at 3. This is an issue of fact to be decided by the jury.

4

### B) Defendant's Affirmative Defense that Crumity failed to take advantage of the Restaurant's established harassment policy

Defendant claims it is exempt from liability because the Restaurant had a policy against harassment, provided training on that policy to employees, including Crumity, and took steps to prevent and correct harassment, when notified. Def. Mot. at 14. When there has been no "tangible employment action," a defendant may raise the affirmative defense by showing

> (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise"

Faragher v. Boca Raton, 524 U.S. 775, 807 (1998). Here, Crumity was fired. It is disputed why he was fired, but there was certainly a "tangible employment action." It is also disputed whether Crumity was aware of the Restaurant's harassment policy, and whether he took advantage of that policy. These factual disagreements prevent the court from granting Summary Judgment on this claim.

### C) Crumity's Termination as Retaliation for Reporting Harassment

Plaintiff claims Crumity's employment with Defendant was terminated in retaliation for Crumity's complaints about the sexual harassment. Compl. at 1. For a retaliatory discharge claim to succeed, Plaintiff must prove Crumity complained of the sexual harassment and that there was a causal connection between his complaints and the subsequent termination. See Morgan v. City of Jasper, 959 F.2d 1542, 1547 (11th Cir. 1992). While both parties agree Crumity's employment was terminated, the parties dispute whether Crumity ever complained of the sexual harassment alleged in the Complaint, and disagree over the reasons Crumity was fired. Defendant claims

Crumity was fired for taking unauthorized leave from his job without finding someone to cover his shifts. Def. Mot. at 7. Plaintiff claims this is a pretext, that he had permission to take the leave, and that the Restaurant has, at various times, given different reasons for Crumity's dismissal, including his abandonment of a shift in order to leave early for an authorized leave, Pl. Resp. at 15, and his inability to perform his job because of knee problems. Pl. Resp. at 15. Dissembling by the Defendant regarding its reasons for terminating Crumity's employment could support the conclusion that the Restaurant's stated reasons are pretexts, and Crumity's termination was retaliatory. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147-48 (2000).

### D) Crumity's Damages

First, Defendant claims Plaintiff cannot prove Crumity had any damages, because he would have been fired shortly anyway. Def. Mot. at 17-18. According to the Restaurant, Crumity lied on his employment application, abused alcohol and drugs during the time he was employed by the Restaurant, gave food away, and was violent in at least one incident. Id. at 18-19. If Defendant can prove that it discovered, after Crumity's departure, that Crumity had engaged in "wrongdoing that would lead to a legitimate discharge" while employed at the Restaurant, and that Crumity would have been discharged for that wrongdoing, had the Restaurant known about it, backpay damages would be limited to the period between Crumity's discharge and the date the wrongdoing was discovered. McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362-63 (1995).

Second, Defendant claims Crumity failed to mitigate his damages because Crumity's use of alcohol and drugs made it impossible for Crumity to maintain employment between the time he was fired from the Restaurant and the time he became clean and sober. Def. Mot. at 19. Defendant bears the burden of proving Crumity failed to mitigate his damages. See Daily v.

Societe Generale, 108 F.3d 451, 456

Third, Defendant claims it cannot be found to owe Crumity front pay, "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." Pollard v. E.U. DuPont De Nemours & Co., 532 U.S. 843, 844 (2001). Defendant's third claim appears to be grounded in its contention that Crumity has been fully employed as a cook since January 2005, after he stopped abusing drugs and alcohol. Def. Mot. at 20. These are all issues of fact to be determined by the jury.

## IV.    Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion for Final Summary Judgment (DE # 21) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record
       U.S. Magistrate Judge Barry L. Garber

7