UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21757-CIV-MOORE/GARBER

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

R. F. RESTAURANTS, INC., d/b/a
DENNY'S RESTAURANT

        Defendant.
_____/

## CONSENT DECREE

1. This Consent Decree is entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or "EEOC") and the Defendant, R.F. Restaurants, Inc. d/b/a Denny's Restaurant (hereinafter referred to as "Denny's"). The Commission and Defendant are collectively referred to as the "Parties." Nothing contained in this agreement shall be deemed by any party to be an admission of liability on the part of the Defendant. Nor does the settlement of this matter constitute an admission by EEOC as to any claims made by Defendant in their Answer and Affirmative Defenses.

2. The Commission filed this action on June 3, 2005 under Title VII of the Civil Rights Act of 1964 ("Title VII") and

Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (male), and retaliation and to provide appropriate relief to Neal Crumity, who was adversely affected by such practices. The Complaint alleged that Neal Crumity was subjected to sexual harassment by Assistant Manager Judy Pieretti in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating hostile work environment. EEOC further alleged that Defendant retaliated against Neal Crumity by terminating his employment for complaining about the unlawful sexual harassment.

3. In the interest of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree. This Decree is final and binding upon the Parties, their successors and assigns.

4. The parties agree that this Decree resolves all the claims against Defendant alleged in EEOC charge number 150 2005 00036 and Civil Action Number 05-21757-CIV-MOORE/GARBER. The parties further agree that this Decree does not resolve any future or pending EEOC Charges of Discrimination other than the Charge referred to in this paragraph.

NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings filed by the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

### I. JURISDICTION

5. This court has jurisdiction of the subject matter of this action and over the Parties for the purposes of entering and enforcing this Decree.

6. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any terms of this Decree.

### II. GENERAL PROVISIONS AND INJUNCTIVE RELIEF

7. The Defendant, its officers, managers, employees, agents, partners and assigns, are enjoined from engaging in any conduct which violates Title VII by adversely affecting the terms and conditions of any individual's employment because of their sex.

8. Defendant, its officers, managers, employees, agents, partners and assigns, are enjoined from discriminating against any individual who opposes any of Defendant's practices which the individual reasonably believed, in good faith, were unlawful under Title VII, who files a charge of

discrimination with the EEOC alleging violations of the statutes the Commission enforces; who cooperates with the EEOC in investigation and/or prosecution of any charge of discrimination; or who cooperated in the investigation or offered testimony or information in the above styled litigation which resulted in this Consent Decree.

### III. ADOPTION, DISTRIBUTION AND TRAINING OF ANTI-DISCRIMINATION POLICY

9. Defendant has adopted a written sexual harassment and retaliation policy to be distributed to all its current employees and future employees within thirty (30) days of the entry of this Decree, or within thirty (30) days of start-up of any operation or facility which is inactive on the date of this Decree. This policy prohibits sexual harassment at work, and urges employees to speak freely about sexual harassment without any fear of retaliation. The policy clearly defines prohibited conduct and specifically prohibits harassing employees based on their sex regardless of their gender. The policy also specifies that prohibited behavior will not be tolerated from employees, customers, clients and any other persons present at any of Defendant's facilities. The policy provides that

4

complaints of sexual harassment, regardless of gender, and/or retaliation may be made to any person in the chain of command above an employee or directly to human resources personnel; employees will not be required to complain of sex-based discrimination, harassment and/or retaliation to a person against whom they allege sex-based discrimination, harassment and/or retaliation has occurred; employees who make complaints of sex-based discrimination and/or harassment or provide information related to such complaints will be protected against retaliation; the employer will take immediate and appropriate corrective action if and when it determines that sex-based discrimination, harassment and/or retaliation has taken place; employees who violate the policy are subject to discipline up to and including termination.

10. The policy shall be distributed within thirty (30) calendar days to all of Defendant's employees and management staff and shall be included in any relevant policy or employee manuals used by Defendant. The policy shall also be kept and maintained in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12 point font).

11. A copy of the policy shall be distributed to each new regular full-time, part-time or temporary employee within one (1) week of employment. The manager responsible for distributing the policy to each new employee shall review the policy in depth with the employee. Defendant shall maintain records demonstrating that each new employee discussed the policy with the responsible manager and illustrating the length of time spent discussing the policy.

12. In order to further ensure the effective implementation of Defendant's anti-discrimination policies, Defendant will conduct a four (4) hour annual training throughout the duration of this Decree for all of its managers and supervisory personnel. During each of the three (3) years covered by this Decree, Defendant's managers and supervisory personnel who attended the four (4) hour annual training will provide a four (4) hour training to all the employees at Defendant's Florida location within thirty (30) calendar days after receiving the supervisory training. The four (4) hour annual training will emphasize recognizing sexual harassment and acts that constitute unlawful retaliation and the proper procedure to be followed if Defendant's managers, supervisory personnel

or other employees become aware of sexual harassment or retaliation in the workplace and/or if they receive a complaint of such harassment or retaliation for complaining about sexual harassment. Defendant agrees to provide the EEOC with at least two (2) weeks notice before conducting its training sessions, with the dates, and locations of the training, the identification of any training materials to be used at the training session, and the name and job title of the employees who will be in attendance at the training. The training will be conducted by Kimberly A. Borreson or any other representative holding the title of Management Training Consultant for Denny's, Inc. Additionally, Defendant agrees that the EEOC may, at the EEOC's discretion, be in attendance at each training session.

13. Defendant agrees that the initial training described herein shall be conducted within sixty (60) days of the entry of this Decree. The remainder of the training sessions shall take place in the same format annually and no later than September 30th of each year throughout the duration of this Decree. Defendant further agrees that the training described in paragraph 12 shall be given to all new managers and supervisors who did not attend the annual

7

training <u>within thirty (30) days</u> of being placed in a managerial or supervisory position.

### IV.   POSTING

14. Defendant shall post a laminated 11 x 17 size copy of the notice attached hereto as Exhibit A within ten (10) days of the entering of this Decree.  Said notice shall be posted in conspicuous locations accessible to all employees (i.e. break room, employee bulletin board, cafeteria, above water fountains, etc.) in all of its locations throughout the State of Florida.  This notice is to remain posted for the term of this Decree.

### V.   REPORTING AND MONITORING

15. Defendant will retain all employment records relating in any way to any complaint, allegation and investigation of sex discrimination and/or retaliation at any of Defendant's facilities for the duration of this Decree and as required by federal law.

16. For the duration of this Decree, every six months Defendant will provide the EEOC with the name, last known address and last known phone number of any person employed at Defendant's Florida location who has complained to his or her Manager/Supervisor, Human Resources Department, or the

President that he or she has been subjected to sexual harassment or retaliation while working at any of Defendant's Florida locations during the preceding six (6) months. Defendant will also state its actions taken in response to each such allegation. The first report shall be submitted no later than January 31, 2008. Defendant will provide upon request by the Commission (a) a copy of the complaint, or if no written complaint was filed, a statement describing the nature of the complaint; (b) a statement describing the actions taken; and (c) outcome regarding such complaint.

17. Defendant will certify to the EEOC every six (6) months throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than January 31, 2008, and thereafter semi-annually on July 31st and January 31st throughout the duration of this consent Decree.

18. Defendant will appoint one individual who shall be responsible for coordinating its compliance with this Consent Decree and for providing reports to the EEOC. This person shall be appointed and the EEOC notified of his or her identity within ten (10) days of the Court's approval of this Consent Decree. All reports and documents required

to be delivered by Defendant to the EEOC pursuant to this Consent Decree shall be mailed to: United States Equal Employment Opportunity Commission, Attention: Office of the Regional Attorney, 1 Biscayne Tower Building Suite 2700, 2 South Biscayne Blvd, Miami, FL 33131.

### VI. EXPUNGEMENT OF ENTRIES FROM PERSONNEL RECORDS

19. R.F. Restaurants, Inc. agrees to remove from Neal Crumity's personnel files any documents regarding termination, conversation confirmers, warnings, reports, or disciplinary memorandum within ten (10) business days of the entry of this Decree. The Defendant further agrees to give Neal Crumity a letter of verification of employment, attached as Exhibit B, within ten (10) business days of the entry of this Decree. Defendant agrees to verify Neil Crumity's employment attached as Exhibit B if asked to do so by a prospective employer performing a reference check. In addition, consistent with Exhibit B, Defendant will limit its disclosure of information regarding Mr. Crumity's personnel files solely to the information contained in Exhibit B. Moreover, if a Third Party requests a copy of Mr. Crumity's personnel files, Defendant will notify the EEOC by mail as follows: Cheryl Cooper, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, One

Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

### VII. MONETARY RELIEF

20. Defendant R.F. Restaurants, Inc. shall pay a lump sum in the amount of twenty thousand dollars ($20,000.00) to resolve this litigation.

    a. $5,000 shall be representative of lost wages, less amounts required to be withheld for federal, state, and local income taxes. Defendant will issue an IRS form and W-2, and shall be responsible for paying the employer's share of any federal, state and local, income taxes, and social security withholdings.

    b. $15,000 shall be representative of compensatory and punitive damages. Neal Crumity shall be responsible for any income tax due on this payment made to him by Defendant. Defendant shall issue an I.R.S. form 1099 to Mr. Crumity substantiating same.

    c. The payment of monies shall be made in installments by a certified bank check, that does not expire sooner than one (1) year from execution, to Neal Crumity. Defendant agrees to pay four (4) equal monthly payments of five thousand dollars ($5,000.00). The first payment will be made on August 1, 2007.

11

This will represent the back pay portion and applicable withholdings will be deducted. Each payment thereafter shall be made on the 1st calendar day of each month. If the 1st calendar day of the month falls on a weekend or federal holiday, the payment shall be made on the next business day. Defendant will make a fourth and final payment in the amount of five thousand dollars ($5,000.00) on or before November 1, 2007.

d. All payments shall be forwarded, by certified mail, to the attention of Neal Crumity c/o Dora Parks, 13021 Wood Street, Miami, Florida, 33056. A copy of the payments, W-2 or I.R.S. Form 1099 shall be forwarded to the attention of Cheryl A. Cooper, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

21. If Defendant fails to tender the payment described in paragraph 19 above, then Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

## VIII. ENFORCEMENT OF DECREE

22. The Commission shall have independent authority to seek judicial enforcement of each aspect, term, provision and attachment of this Decree.

23. The court will take whatever measures necessary to effectuate the terms of this Decree.

## IX. COSTS

24. Each party shall bear its own costs.

## X. DURATION OF CONSENT DECREE

25. The duration of this Decree shall be three (3) years from the date of entry of the Decree.

SO ORDERED ADJUDGED AND DECREED, this 20th day of July 2007.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

by: _____
Date: 7/10/07
  Nora E. Curtin
  Regional Attorney
  U.S. Equal Employment Opportunity Commission
  Miami District Office
  One Biscayne Tower, Suite 2700
  2 South Biscayne Boulevard
  Miami, Florida  33131

AGREED TO:
FOR THE DEFENDANT
R.F. RESTAURANTS, INC. D/B/A DENNY'S RESTAURANT

by: _____                Date: 7/19/07
    Alfonso Fernandez
    President/Chief Executive Officer
    R.F. Restaurants, INC. d/b/a DENNY'S RESTAURANT
    1229 SW 129TH Court
    Miami, Florida 33186

# EXHIBIT A

## NOTICE TO ALL EMPLOYEES
### POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND R.F. RESTAURANTS, INC. D/B/A DENNY'S RESTAURANT

This notice is being posted pursuant to a Consent Decree entered by the Court in EEOC vs. R.F. Restaurants, Inc. d/b/a Denny's Restaurant, Civil Action No. 05-21757-CIV-MOORE/GARBER. R.F. Restaurants, Inc. has adopted a policy that prohibits discrimination against employees based on sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII protects individuals from employment discrimination because of their race, religion, color, national origin, or sex. Title VII also protects individuals from retaliation for having complained of an unlawful employment practice. R.F. Restaurants, Inc. will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, sexual harassment and retaliation.

R.F. Restaurants, Inc. assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated R.F. Restaurants, Inc.'s policy prohibiting discrimination.

This notice shall remain posted for three (3) years from the date the Decree is entered. Employees or applicants for employment who have questions about their rights under Title VII or any other federal anti-discrimination law may telephone R.F. Restaurants, Inc.'s Human Resources Director at (305)253-9983 or the Miami District Office of the Equal Employment Opportunity Commission at 1-800-669-4000.

Signed this __19__ day of __July__, 2007.

_____
ALFONSO FERNANDEZ

15

PRESIDENT/CHIEF EXECUTIVE OFFICER
R.F. RESTAURANTS, INC. d/b/a DENNY'S RESTAURANT


DO NOT REMOVE BEFORE _____, 2010.

**EXHIBIT B**

# R.F. Restaurants, Inc.
10150 S.W. 118 Terrace
Miami, FL 33176
Tel. (305) 253-9983
Fax (305) 253-0775

July 18, 2007

To Whom It May Concern:

This letter will confirm that Neal Crumity was employed with R.F. Restaurants, Inc., also doing business as Denny's Restaurant, from December 11, 2003 through August 16, 2004. Mr. Crumity was hired as a full time cook for Denny's Restaurant #7302, located at 11711 West Okeechobee Road, Hialeah, FL 33108. Mr. Crumity's last rate of pay was $11.00 per hour.

Sincerely,

Alfonso Fernandez
President
R.F. Restaurants, Inc.

IT IS R.F. RESTAURANT, INC.'S D/B/A DENNY'S RESTAURANT'S POLICY NOT TO PROVIDE ANY INFORMATION REGARDING ITS EMPLOYEES AND FORMER EMPLOYEES EXCEPT THE INFORMATION PROVIDED ABOVE.

ANY FURTHER INFORMATION REGARDING EMPLOYMENT SHOULD BE OBTAINED FROM THE NAMED FORMER EMPLOYEE.